FILED
07/23/2020
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Emily Baze
DV-32-2020-0000815-BF
Halligan, Leslie
1.00

James T. Towe
Towe & Fitzpatrick, PLLC
619 SW Higgins, Ste. O
PO Box 1745
Missoula, MT 59806
Telephone: (406) 829-1669
Facsimile: (406) 493-0538
jamie@towefitzlaw.com
*Attorney for Plaintiff*

## MONTANA FOURTH JUDICIAL DISTRICT COURT,
## MISSOULA COUNTY

| | |
|---|---|
| CORY BLANKEN<br><br>Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA<br><br>Defendant. | Hon_____<br>Dept. No._____<br>Cause No._____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, Cory Blanken, and hereby submits the following Complaint and Demand for Jury Trial.

### **BACKGROUND**

1. Plaintiff Cory Blanken is a citizen of Montana who resides in Florence, Montana. Blanken owns a duplex in Missoula, Montana located at 2900 Harmony Court. He purchased a Landlord Protection Policy from Safeco Insurance Company of America (Safeco).

2. Defendant Safeco is, upon information and belief, a non-resident corporation with its home office in New Hampshire. Safeco does business in Montana.

3. Jurisdiction and venue are proper in this Court because the damaged property at issue is in Missoula County and Safeco failed to perform its obligations in Missoula County.

4. Blanken purchased insurance from Safeco to provide protection for damages to his rental property.

5. Blanken had a reasonable expectation that the Safeco Landlord Protection Policy would provide coverage for damage to his property caused by tenants.

6. Blanken paid and Safeco accepted premiums for insurance coverage regarding Blanken's property at all times relevant to this claim.

7. In 2019 Blanken arranged to sell his rental property described above. It was discovered in connection with the sale that the building was damaged from methamphetamine use by tenants or others.

8. Blanken promptly notified Safeco about the damage and explained what happened.

9. Safeco initially informed Blanken not to worry, that this type of claim had happened before and that everything would be fine. Blanken relied upon Safeco and arranged to complete the sale based on Safeco's assurance that the damage would be repaired.

10. Safeco then refused to provide coverage for and pay for the damage to the property. The sale, therefore, was not completed.

11. Blanken has since lost the ability to timely sell or rent his property because of Safeco's refusal to provide insurance coverage. Blanken is trying to repair the property in order to sell it to another buyer.

12. Safeco has refused to pay for repairs or lost rent despite language of the policy which broadly covers physical loss, damage, and lost rent. Safeco failed to correctly inform Blanken about the coverages provided by his policy, how the policy must be construed, misinterpreted the policy exclusions, and denied coverage contrary to Montana law regarding insurance policy coverages and interpretation of insurance policies.

13. Blanken, therefore, requested Safeco to reconsider its denial. Safeco

1  continued to refuse to provide coverage or pay damages which are covered by the
2  Safeco insurance policy.
3      14.  Blanken has suffered damages in amounts to be proven at trial
4  including: time and expense of obtaining property analyses and repair estimates;
5  ongoing mortgage and other expenses; expenses for replacement personal property
6  and other items; expenses for repairs; lost rent; income; and opportunities due to
7  delays and the inability to timely the property; diminished value; and added stress
8  and worry.

## COUNT ONE - BREACH OF CONTRACT

10    15.  Blanken incorporates by reference all of the above allegations.
11    16.  Blanken further alleges that the insurance agreement is a contract.
12    17.  Blanken purchased rental property damage coverage for safety,
13  security and peace of mind to cover damages to the property by tenants or anyone
14  else.
15    18.  Safeco's protection of its own economic interests to the detriment of
16  its customer is contrary to the insurance policy, the implied covenant of good faith
17  and fair dealing and Blanken's reasonable expectation that the damage caused by
18  tenants would be covered.
19    19.  Under the circumstances, Safeco had a fiduciary responsibility to
20  assist its policy holder and was further obligated to act in good faith.
21    20.  Safeco has failed to assist Blanken or properly interpret its insurance
22  policy in favor of coverage.
23    21.  Safeco breached its obligations causing damages to Blanken.

## COUNT TWO - DECLARATORY RELIEF

25    22.  Blanken incorporates by reference all of the above allegations.
26    23.  Blanken seeks a a declaratory judgment pursuant to Mont. Code Ann.
27  § 27-8-101, et. seq. that the Safeco insurance policy provides coverage.
28    24.  Safeco's liability is reasonably clear when the policy is properly

1 construed.

2     25.   Safeco should be required to pay all damages covered under the policy in advance of any final settlement or resolution to prevent further harm and damage to Blanken and to allow the sale of the property. Safeco was given the opportunity to inspect the property and the ability to determine the repairs that would be required.

    26.   In addition to an order requiring Safeco to pay benefits owed under the policy, Blanken should be awarded supplemental relief pursuant to Mont. Code Ann. § 27-8-313, including pre-judgment interest, and attorneys' fees and costs.

## COUNT THREE - UNFAIR TRADE PRACTICES ACT

    27.   Blanken incorporates by reference all of the above allegations.

    28.   Blanken further alleges that Safeco violated obligations imposed by the Montana Unfair Trade Practices Act.

    29.   Safeco knew that Blanken was trying to sell his properly and needed assistance in getting it repaired to complete the sale. Safeco also knew that Blanken would not be able to continue to rent the basement apartments until repairs were made.

    30.   Safeco knew that Blanken had been activated by the National Guard and sent to Billings to assist in government ordered COVID - 19 relief efforts. Safeco, therefore, knew that Blanken would not be able to devote the time needed to arrange for and get repairs made but refused to assist him.

    31.   Blanken requested Safeco to confirm coverage so he could convey the same to the property buyer and have repairs made so that a sale could be completed. Blanken relied upon Safeco's initial assessment that this type of claim was more common than he might think and would be covered.

    32.   Blanken also requested Safeco to reconsider its denial and confirm whether the damage could be covered as vandalism or by some other aspect.

33. Safeco continued to deny coverage and refused his requests that it reconsider.

34. Safeco has failed to acknowledge and act reasonably promptly upon communications regarding the claim; misstated and misrepresented policy provisions, refused to pay the claims without conducting a reasonable and complete investigation based upon all available information, failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Blanken's claims, and has compelled him to institute litigation by offering substantially less than the amount likely to be recovered in this action. Safeco failed to comply with obligations owed under Mont. Code Ann. § 33-18-201.

35. Blanken has suffered damages identified above, additional stress from trying to manage and make repairs, and will seek damages in amounts to be proven at trial, including punitive damages because Safeco knew or should have known that it was incorrectly interpreting and construing the insurance policy to the detriment of its customer.

## **PRAYER FOR RELIEF**

1. Blanken incorporates by reference all allegations above and requests the following relief:

2. For a declaratory judgment properly construing the policy and requiring payment of all repair and remediation expenses;

3. For payment of all damages related to Safeco's failure to provide coverage, including loss and delay of sale and rent of the property and the associated emotional stress;

4. For payment of interest;

5. For payment of attorneys fees and costs;

6. For punitive damages and any other relief the court or jury deem just and proper.

DATED this 23rd day of July, 2020.

TOWE & FITZPATRICK, PLLC
*Attorney for Plaintiff*

By: _____
James T. Towe

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable in this cause.

DATED this 23rd day of July, 2020.

TOWE & FITZPATRICK, PLLC

By: _____
James T. Towe
*Attorney for Plaintiff*